Filed 4/12/16  Marriage of Poquette CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| In re the Marriage of PAULA MARY and RAYMOND WILLIAM POQUETTE. | C077113 |
| PAULA MARY POQUETTE, | (Super. Ct. No. FL11-008985) |
| Respondent, | |
| v. | |
| RAYMOND WILLIAM POQUETTE, | |
| Appellant. | |

Raymond William Poquette appeals from a judgment for dissolution of marriage entered on June 17, 2014.  Mr. Poquette's notice of appeal does not include the date on which the order or judgment he is appealing from was entered, but we liberally construe the notice to be from the judgment entered on June 17, 2014.  An appeal from any other order included in the record would be untimely under California Rules of Court, rule 8.104.  (Cal. Rules of Court, rule 8.100(a)(2).)

The trial court entered the judgment after a court trial that occurred on May 20, 2014.  Paula Mary Poquette represented herself at trial.  Although Mr. Poquette received

1

notice of the trial, he refused to appear based on his belief that the entire dissolution proceeding was stayed pending his appeal of a restraining order. The trial proceeded in his absence.

Mr. Poquette's appellant's opening brief is difficult to understand, but we discern that he believes the trial court erred in issuing a domestic violence restraining order. He fails, however, to identify the restraining order about which he is complaining. The most recent restraining order included in the record on appeal was issued on September 14, 2012. The time to appeal that order passed long before Mr. Poquette filed his notice of appeal on August 12, 2014. (Cal. Rules of Court, rule 8.104.)[1] We do not consider in this appeal any claims regarding that restraining order or any other restraining order issued prior to September 14, 2012.

Mr. Poquette also appears to contend that he is dissatisfied with the division of assets and orders for support set forth in the June 17, 2014 judgment. He asks us to consider the evidence he would have presented if he had appeared at trial, and he further requests that we correct the judgment based on that evidence, or in the alternative, order a new trial. On appeal, however, we limit our review to evidence previously presented to, and considered by, the trial court.

---

[1] With limited exceptions not applicable here, "a notice of appeal must be filed on or before the earliest of:

"(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served;

"(B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or

"(C) 180 days after entry of judgment." (Cal. Rules of Court, rule 8.104(a)(1).)

2

Mr. Poquette has not met his burden on appeal to establish that his appellate contentions have merit.

## DISPOSITION

The judgment is affirmed.  Costs are awarded to Paula Mary Poquette.  (Cal. Rules of Court, rule 8.278(a)(1).)


_____/S/_____
Mauro, J.


We concur:


_____/S/_____
Nicholson, Acting P. J.


_____/S/_____
Butz, J.